**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**

| | |
|---|---|
| DAMARIS REVOLORIO, <br>     PLAINTIFF, <br><br> v. <br><br> GLOBAL TRUST MANAGEMENT LLC, <br>     DEFENDANT. | CASE NO.: _____ |

## COMPLAINT AND JURY DEMAND

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. This action arises out of the violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") by Global Trust Management LLC ("GTM").

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), in that GTM transacts business in this judicial district and a substantial portion of the acts giving rise to this action occurred in this District.

4. At all times relevant hereto, Plaintiff resided in this District.

### PARTIES

5. Plaintiff, Damaris Revolorio ("Plaintiff"), is an adult individual residing in Knox County, Tennessee.

6. Plaintiff is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

7. Defendant Global Trust Management LLC is a foreign entity with its principal place of business in Florida. It transacts business throughout the United States.

8. GTM can be served in the state of Tennessee via its registered agent, Corporation Service Company, at 2908 Poston Ave., Nashville, TN 37203-1312, or in accordance with Tennessee law or Florida law or the Federal Rules of Civil Procedure.

9. As will be described below, GTM purchased, or otherwise received from another company, placement of a past due account allegedly owed by Plaintiff and attempted to collect that account from Plaintiff by communicating directly with Plaintiff and her family member(s) about

10. GTM advertises on its website (https://www.gtmcorporation.com/about.html) (last visited January 26, 2026):

> Our goal is to work with you in order to help you pay down your outstanding accounts, achieve financial freedom and take control of your life. We understand that outstanding accounts can accumulate as a result of unforseen circumstances, negatively impacting the state of your finances, credit status, and overall quality of life. By proactively working with GTM to resolve your outstanding accounts, you can pave the way for a brighter financial future.
>
> Take the first step by contacting us today! Our friendly and knowledgeable representatives are standing by to help.

11. The principal purpose of GTM is the collection of debts using the mails and telephone and other means.

12. GTM regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property, or services which are the subject of the transactions are primarily for personal, family or household purposes.

13. GTM is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14. At some time in the past, Plaintiff is alleged to have taken a personal loan from a payday lending-type of institution, CashNet, the funds from which were spent on various personal effects, but were not used for any business or commercial purposes. This alleged loan is hereinafter referred to as the "Account."

15. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

16. The Account allegedly went into default with the original creditor.

17. Plaintiff disputes the amount GTM attempted to collect from her.

18. Plaintiff requests that GTM cease all further communications regarding the Account.

19. After the Account allegedly went into default, on information and belief, the Account was purchased by non-party, Reel Time Capital LLC ("Reel Time") for the purpose of collecting the allegedly past-due balance.

20. On information and belief, Reel Time then placed the Account with GTM for collection.

21. Thereafter, GTM began attempting to collect the Account from Plaintiff.

22. On or about April 21, 2025, GTM called Plaintiff about the Account and demanded that Plaintiff agree to a repayment plan. GTM told Plaintiff it would sue her to recover the balance of the Account and told her that the creditor on the Account had already prepared the "paperwork" and that it was just waiting to be filed.

23. To avoid being sued, Plaintiff agreed to make one payment of $425 and agreed to make one or more future payments if and when she could afford to do so.

24. On April 21, 2025, GTM debited $425 from Plaintiff's bank account.

25. On May 21, 2025, without Plaintiff's consent, GTM debited another $425 from Plaintiff's bank account.

3

26. Plaintiff called GTM and objected to the second payment and informed GTM that she had not authorized a second payment.

27. Despite Plaintiff's protest and demand for a refund, GTM refused to refund the second payment.

28. On approximately July 24, 2025, GTM called Plaintiff's sister as part of its efforts to collect the Account from Plaintiff.

29. This call to Plaintiff's sister occurred despite the fact that Plaintiff had previously demanded that GTM not call anyone else – especially her family members – to try to reach her to collect the debt.

30. When Plaintiff complained to GTM on July 24, 2025 that it had called her sister, GTM told Plaintiff something similar to "that's just what happens when you don't make a payment" and further that it would continue calling her family.

31. In this same call on or about July 24, 2025, GTM further threatened to process another payment without Plaintiff's consent as it had done in May 2025 if she did not agree to a new payment plan.

32. When Plaintiff could not commit to a new payment plan, GTM told Plaintiff that she would soon "find out" the consequences of failing to agree to a repayment plan.

33. GTM intended for the "find out" comment described above to be inferred as a threat to sue Plaintiff.

34. On information and belief, neither GTM nor the creditor for whom it was working has ever sued a consumer in the state of Tennessee to recover an allegedly defaulted consumer loan.

35. The language used by GTM was false, misleading and deceptive.  GTM did not have the present intention of suing Plaintiff to recover the balance of the Account as stated or implied.

36. The language used by GTM mispresented the status of the Account.

37. The language used by GTM mispresented the nature of the services provided by GTM.

38. The language used by GTM mispresented that GTM was a law firm and/or that attorneys were working on Plaintiff's Account.

39. In one or more communications with Plaintiff, GTM failed to inform Plaintiff that it was a debt collector, that it was attempting to collect a debt and/or that any information obtained would be used for the purpose of debt collection.

40. All of the defendants in this matter failed to ever provide Plaintiff with notice of Plaintiff's right to dispute the debt and/or request validation of the debt.

41. In one or more telecommunications with Plaintiff, GTM failed to provide meaningful disclosure of its identity to Plaintiff.

42. The collection practices used by GTM caused Plaintiff to suffer fear, anxiety, stress, sleeplessness, mental anguish mild depression and/or distraction from normal life.

43. The purpose GTM had for calling Plaintiff was to attempt to collect the Account.

44. The telephone calls described above each constituted a "communication" as defined by FDCPA § 1692a(2).

45. The only reason that GTM and its representative(s), employee(s) and/or agent(s) made telephone call(s) to Plaintiff and/or her family was to attempt to collect the Account.

46. The only reason that GTM and its representative(s), employee(s) and/or agent(s) had telephone conversation(s) with Plaintiff and/or her family was to attempt to collect the Account.

47. All of the conduct by GTM and its employees and/or agents alleged in the preceding paragraphs was done knowingly and willfully.

48. As a consequence of GTM's collection activities and communication(s), Plaintiff seeks damages and attorneys' fees and costs pursuant to 15 U.S.C. § 1692k.

**RESPONDEAT SUPERIOR**

49. The representative(s) and/or collector(s) at GTM were employee(s) and/or agents of GTM at all times mentioned herein, they acted within the scope and course of their employment at all times mentioned herein, they were under the direct supervision and control of GTM at all times mentioned herein and their actions are imputed to their employer, GTM.

**COUNT I:  VIOLATIONS OF THE FDCPA 15 U.S.C. §1692, et seq.**

50. The previous paragraphs are incorporated into this Count as if set forth in full.

51. The act(s) and omission(s) of GTM and its respective representative(s), employee(s) and/or agent(s) violated 15 U.S.C. § 1692b(3) and 15 U.S.C. § 1692c(b) and 15 U.S.C. § 1692e generally and specifically §1692e(2)&(3)&(5)&(8)&(10)&(11)&(13) and 15 U.S.C. § 1692f generally and specifically §1692f(1) and 15 U.S.C. § 1692g(a).

52. Pursuant to 15 U.S.C. §1692k Plaintiff seeks damages, reasonable attorney's fees and costs from GTM.

## COUNT II: INVASION OF PRIVACY (INTRUSION ON SECLUSION)

53. In the alternative, without waiving any of the other causes of action herein, without waiving any procedural, contractual, statutory, or common-law right, and incorporating all other allegations herein to the extent they are not inconsistent with the cause of action pled here, GTM are liable to Plaintiff for invading Plaintiff's privacy (intrusion on seclusion). GTM intentionally caused the intrusion upon Plaintiff's solitude, seclusion, or private affairs, and such intrusion would be highly offensive to a reasonable person.

54. Plaintiff suffered actual damages from GTM as a result of the intrusion on Plaintiff's privacy.

## JURY TRIAL DEMAND

55. Plaintiff is entitled to and hereby demands a trial by jury.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff requests that the Court grant the following:

56. Judgment in favor of Plaintiff and against Global Trust Management LLC as follows:

    a. Actual damages pursuant to 15 U.S.C. §1692k(a)(1);

    b. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2); and

    c. Reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

    d. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/Brent S. Snyder
Brent S. Snyder (TN 021700)
Brian D. Flick (OH 0081605)
DannLaw
15000 Madison Avenue
Lakewood, OH 44107

Tel: (513) 645-3488
Fax: (216) 373-0536
notices@dannlaw.com

and

/s/ Jeffrey D. Wood
Jeffrey D. Wood, Esq.
ArkBN: 2006164
The Wood Firm, PLLC
11610 Pleasant Ridge Rd.
Suite 103, Box 208
Little Rock, AR 72223
TEL: 214-914-8374
FAX: 888-598-9022
EMAIL: jeff@jeffwoodlaw.com
Application for *Pro Hac Vice*
admission forthcoming

Attorneys For Plaintiff